IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
                Plaintiff, )
)
v. ) Case No. 10-10058-WEB
)
PABLO SANTOS, )
)
                Defendant. )

MEMORANDUM AND ORDER

This matter came before the court on May 18, 2010, for a hearing on the Defendant's Motion for Review and Revocation of Detention Order (Doc. 14). After hearing the arguments of counsel, the court orally denied the motion and ordered the defendant be detained pending trial. This written memorandum will supplement the court's oral ruling.

I. Background

The Defendant was indicted on one count of distribution of 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Magistrate Judge Bostwick conducted a detention hearing, and ordered the Defendant be detained pending trial.

The Defendant filed this motion, requesting the court set a bond for the Defendant. The Defendant argued the court could impose conditions that would ensure the Defendant's appearance in court and to protect the community. The Defendant states that there was only a small amount of drugs involved in the charged offense, and his prior drug offenses are a result of the use of drugs, not the sale of drugs. The Defendant also argues that he would like to enter drug treatment, as ordered out of his case in State Court. The Defendant further argues he is not

1

a flight risk, as he has ties to Wichita, where his wife and children reside. The Defendant states that he is currently without any identification to legally travel out of the country.

The Government argues that there is a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A). The Government argues the Defendant has three sisters and two brothers living in Mexico, and that a confidential source reported that the Defendant traveled to Mexico after a series of arrests in December, 2009. The Defendant has been unemployed since March 2009. The Government points out that the Defendant was arrested 4 times within 70 days in October and December of 2009, and all the arrests included drug charges. The defendant was also arrested for violating a protective order which was obtained by his wife. The Government informed the court that they will be seeking to indict the Defendant in another criminal case currently pending in Federal Court.

II. Standards

The district court's review of the magistrate's order of detention is *de novo*, meaning this court must make its own determination and must ultimately decide the issue of detention or conditions for release without deference to the magistrate's conclusion. United States v. Cisneros, 328 F.3d 610, 616, n.1 (10th Cir. 2003).

Under the Bail Reform Act, a defendant may be detained pending trial only if a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142. The government bears the burden of proving a risk of flight by a preponderance of the evidence, and it must prove dangerousness by clear and convincing evidence. Id. at 616. In a case such as this, where the Indictment alleges an offense under the Controlled Substances

Act for which the maximum term of imprisonment is ten years or more, and after a finding of probable cause, a rebuttable presumption of detention arises. § 3142(f). Once the presumption is invoked, the burden of production shifts to the defendant. United States v. Stricklin, 932 F.2d 1353, 1354-55 (10th Cir. 1991). The burden is not heavy, but some evidence must be produced. Id. Even with the shift in the burden, the Government retains the burden of persuasion regarding risk of flight and danger to the community. Id. The grand jury indictment is sufficient to establish the finding of probable cause that the defendant committed a federal drug offense. Id at 1355.

In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the court must consider: (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

III. Findings

The court finds that the Indictment alleges an offense under the Controlled Substance Act and the maximum term of imprisonment is ten years or more, therefore a rebuttable presumption of detention arises. The first factor the court should consider is the nature and circumstances of the offense charged. The Defendant has been charged with distribution of methamphetamine, a drug offense with a penalty of 5 to 40 years. Although the amount of drugs the Defendant is charged with distributing is not as large as many other cases the court has seen, the nature of drug offenses and the propensity of violence in drug cases makes any drug amount a serious offense.

The second factor is the weight of the evidence against the person. The Government proffered at the detention hearing that after the undercover officer bought drugs from the Defendant and another individual, the police stopped the car and the Defendant was identified. The evidence in the record is sufficient to persuade the court that the case against the Defendant is strong.

The third factor, the history and characteristics of the person, both help and hinder the Defendant. The court is aware that the Defendant is a resident alien, and has lived in the United States for approximately 16 years. His wife and his children live in Wichita. However, his wife obtained a protection from abuse order in August 2009, and the court is unclear if it remains in effect. The Defendant was also arrested in 2007 and 2009 for domestic violence. If the protection from abuse order remains in effect, then the Defendant will not be able to live at home with his wife if released. The Defendant was legally employed for at least three years prior to March 2009 with a company in Wichita. However, the Defendant has been unemployed for over a year. At the detention hearing before Judge Bostwick, the Defendant represented that he could

obtain a job hanging dry wall.  In his motion for release before this court, and at the hearing, the Defendant represented that he could obtain a job in landscaping.  The Defendant did not provide the name of an employer, a contact, or any other evidence that would lead this court to conclude that the Defendant would be able to obtain legal employment.  The court gives the Defendant's argument that employment is hard to obtain in these economic times little credit, as he has not shown that he has actively searched for employment over the past year.

A review of the Defendant's criminal history and arrests show that he does not have prior felony convictions.  However, because the Defendant is a resident alien, if he is convicted of the charged offense, he will be facing deportation, a factor the court must consider in determining if he is a flight risk.  The Government proffered that after his arrests in December 2009, the Defendant traveled to Mexico for a period of time.  The Defendant states that he is without his legal resident papers, therefore he is unable to legally cross the border.  This court is well aware that individuals illegally cross the border everyday, and this argument is without merit.  The court is also aware that the Defendant has siblings that reside in Mexico, another factor that weighs heavily against the Defendant in considering his flight risk.  The Defendant has been convicted of DUI and Disorderly Conduct, although these cases are almost ten years old.  In October and December 2009, the defendant was arrested four times in the two months, and on all four occasions, the Defendant possessed drugs or drug paraphernalia.  In one instance, he possessed a firearm, although the court was informed that the gun charge was dismissed as the Defendant was "holding it for the real owner."  The dismissal of the firearm charge is new information, and therefore considered by this court.  However, by admitting that someone else took ownership of the gun, he does not dispute that he possessed the firearm.  This argument

does not help the Defendant.  The Defendant violated a Protection from Abuse Order his wife had obtained against him, in the process he broke her phone, showing there was a level of violence when he contacted her.   The defendant argues that the arrests show that he is a drug addict, and struggles with his drug addiction.  The Defendant argues that he has agreed to enter drug treatment as a condition of probation out of the State court case.  The Defendant's argument carries significant weight, as the arrests show the drug paraphernalia was for drug use and the Defendant admits to methamphetamine use a week prior to his arrest.   However, the Defendant's drug addiction does not negate the fact that he sold approximately 50 grams of methamphetamine to an undercover officer.  The Government has also stated that they will supersede a pending criminal case and the Defendant will be added the Indictment.  That case is a large drug trafficking case.

The fourth factor, the nature and seriousness of the danger to any person or the community if the defendant would be released, also weighs in favor of detention.  The Defendant has a history of violence with his wife, and violated a protection from abuse order in December 2009.  The Defendant is involved in drug distribution, a dangerous crime based not only  on the nature of the conduct, but also a danger to the community at large.

The Defendant has not pointed to specific evidence which sets him apart from other defendants charged with similar offenses.  The Defendant has not provided information which would allow the court to find that he could obtain employment.  The Defendant has been arrested twice for domestic violence, but states he intends to return to his wife's house.  The court cannot ignore the fact that the Defendant has siblings that reside in Mexico, which make the Defendant a flight risk. The Government has shown by a preponderance of the evidence that the Defendant

is a flight risk. The Government has shown by clear and convincing evidence that the Defendant presents a danger to the community.

IV. Conclusion

The defendant's Motion for Review and Revocation of Detention Order (Doc. 14) is DENIED. The Order of Detention previously entered in this case remains in effect. The defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 19th day of May, 2010, at Wichita, Kansas.

                                            s/ Wesley E. Brown
                                            Wesley E. Brown
                                            U.S. Senior District Judge